UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GEORGE MCLAUGHLIN,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-424

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S UNOPPOSED MOTION FOR A SENTENCE FOUR REMAND (DOC. 13) BE GRANTED; (2) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (3) THIS MATTER BE REMANDED FOR AN IMMEDIATE AWARD OF BENEFITS; AND (4) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). Following submission of the administrative record (doc. 7), Plaintiff filed a Statement of Errors (doc. 10), to which the Commissioner filed no opposition. Instead, the Commissioner moves to remand the case for further proceedings, under the fourth sentence of 42 U.S.C. § 405(g), conceding that the ALJ's decision contains error and is unsupported by substantial evidence. Doc. 13. Plaintiff agrees that the ALJ committed error but, instead of agreeing to a Sentence Four remand for further proceedings, she argues that remand for an immediate award of benefits is appropriate. Doc. 14. The Commissioner filed a reply in support of the motion for remand. Doc. 15.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.

## A. Procedural History

Plaintiff originally filed for SSI on May 16, 2011. PageID 3427. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, a mood disorder and panic disorder. *Id*. After an initial denial of his application, Plaintiff received a hearing before ALJ Elizabeth Motta on March 18, 2013. PageID 126-33. ALJ Motta issued a written decision on May 2, 2013, finding Plaintiff not disabled. PageID 40-52. The Appeals Council denied Plaintiff's request for review. Doc. 2069. On appeal to this Court, the Commissioner filed a motion for remand, which was granted. *McLaughlin v. Comm'r of Soc. Sec.*, No. 3:14-cv-349 (S.D. Ohio June 30, 2015), ECF No. 12.

On remand from this Court, the Appeals Council returned Plaintiff's claim to ALJ Motta (PageID 2114-15), who, following a hearing on December 16, 2015, again found Plaintiff not disabled. PageID 1998-2020. Plaintiff appealed his non-disability finding to this Court and, upon the Commissioner's motion, the case was remanded for a second time. *McLaughlin v. Comm'r of Soc. Sec.*, No. 3:16-cv-176 (S.D. Ohio Nov. 29, 2016), ECF No. 15; PageID 3562. The Appeals Council instructed that, on remand, the ALJ should clarify whether substantial gainful employment exists for Plaintiff notwithstanding his RFC precluding him from employment that requires "over the shoulder supervision." PageID 3566.

Plaintiff received a hearing before ALJ Deborah F. Sanders on July 7, 2017. PageID 3458. ALJ Sanders (hereafter "ALJ") issued a written decision on August 23, 2017 finding Plaintiff not disabled. PageID 3427-48. It is this decision which is now before the Court for review. The ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a

2

reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that he can perform[.]" PageID 3433-48. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 3564-65. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The Commissioner, for a third time, filed a motion to remand the administrative decision for further proceedings. Doc 13. This motion to remand and the ALJ's August 23, 2017 non-disability findings are before the Court for review and are ripe for decision.

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 3427-48) and Plaintiff's Statement of Errors (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

Where, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C.

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.1567(a).

§ 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1/;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

As noted previously, following Plaintiff's filing of the Statement of Errors, the Commissioner acknowledged that the ALJ committed error in her analysis of Plaintiff's disability and, therefore, moved for a remand of this case to the ALJ for further proceedings. Doc. 13. Plaintiff -- although agreeing with the Commissioner that the ALJ erred and her decision must be reversed -- argues that an award of benefits, not a remand for further proceedings, is appropriate here. For the reasons that follow, the Court agrees with Plaintiff that an immediate award of benefits is appropriate in this instance.

On appeal, Plaintiff specifically argues that the ALJ erred in: (1) applying the Appeals Council's directive on remand; (2) establishing that a significant amount of jobs would be available to Plaintiff despite his impairments; (3) mischaracterizing Plaintiff's mental health treatment records; (4) weighing the opinion of Plaintiff's treatment providers; and (5) assessing his credibility. PageID 4005. The Commissioner agreed with Plaintiff's second statement of error, *see* PageID 4020, and the Court thus addresses only this issue.

At Step Five, the burden shifts to the ALJ to demonstrate that Plaintiff can perform substantial gainful employment existing in the national economy. 20 C.F.R. § 416.1520(b)-(g); *see also Cruse v. Comm'r of Soc. Sec*., 502 F.3d 532, 539 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003) (the claimant bears the burden of proof through Step Four; at Step Five, the burden shifts to the Commissioner). The Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 238 (6th Cir. 2002) (internal citation

omitted).  In formulating the RFC, the ALJ need incorporate only those limitations that he or she accepts as credible.  *See Casey v. Sec. of Health and Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, the RFC determined by the ALJ precludes Plaintiff from engaging in "teamwork or shared tasks (*i.e.*, group projects)."  PageID 3440-41.  The Commissioner concedes that the ALJ erred at Step Five of the sequential evaluation process by failing to clarify whether, based on Plaintiff's RFC, there are jobs that exist in significant numbers that he could perform.  PageID 4021.  The Commissioner argues that remand is necessary to resolve inconsistencies between the ALJ's RFC and the Vocational Expert's ("VE") testimony regarding the limitation precluding shared tasks.  PageID 4020-22.  The undersigned finds this suggested resolution unnecessary, as the VE's testimony unambiguously contradicted the ALJ's conclusion that significant jobs exist for an individual with Plaintiff's RFC and affirmatively proves the contrary.  PageID 3442-92.

At the hearing, the ALJ posed hypotheticals to the VE about the types of jobs available to a person who was limited to "occasional interaction with co-workers and supervisors" and unable to "perform duties involving teamwork or shared tasks."  PageID 3442.  According to the VE, such an individual could perform 200,000 jobs in the national economy, such as a mail clerk and a sorter.  PageID 3491-92.

On cross-examination, the VE clarified that these jobs do, however, require "some type of training or probationary period, wherein the employee would learn how to perform the tasks of the job."  PageID 3492.  The VE acknowledged that such training or probationary period would include instruction from "either a supervisor or coworker" and would include "some degree of shared tasks[.]"  *Id*.  After additional, extensive questioning under oath, the VE testified that a person who could not participate in those tasks -- *i.e.,* could not engage in teamwork or shared

6

tasks -- would not be able to "weather the probationary period of these unskilled jobs." Page ID 3492-93. In other words, a person with Plaintiff's RFC would be unable to complete the probationary period. *Id*. The undersigned finds no "unresolved inconsistencies" between the VE's testimony and the RFC and, because an individual with Plaintiff's RFC could not perform jobs that exist in the national economy, the "record adequately establishes Plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

Even if ambiguity existed with regard to the VE's testimony-- which it does not -- Plaintiff is nevertheless entitled to an immediate award of benefits because evidence of Plaintiff's disability is strong and contrary evidence is weak. *Accord Faucher,* at *id*. First, the medical opinions of evidence support disability. The only treatment providers to opine on Plaintiff's ability to work concluded that he had "marked" or "extreme"[3] impairments in a number of functional abilities, would miss work due to those impairments more than three times a month, and would be off task more than twenty percent of a work day. PageID 3962-63. These conclusions are supported by the opinion of evaluating psychologist, Brian Griffiths, Psy.D., who concluded that "the stress and pressures associated with day-to-day work activity would very likely increase [Plaintiff's] anxiety and panic attacks . . . leading to withdrawal and slowed work performance[,]" and possibly "manic-like episodes." PageID 836. Dr. Griffiths also concluded that Plaintiff's "elevated anxiety level interferes with his ability to attend [work] and concentrate" and "the limited energy, easy fatigability, and poor frustration tolerance that often accompanies depression may interfere with task persistence and pace." PageID 835.

---

[3] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

7

Second, Plaintiff's objective medical records provide strong support of disability. In 2012, treatment notes from the Dayton VA include observations that Plaintiff was disheveled, tearful, and notably anxious, along with exhibiting a depressed or anxious mood, and a flat affect. PageID 1454, 1668, 2727, 2746, 2766, 2787, 2799, 2828. In addition, Plaintiff was taken to the emergency room after a panic attack during a group therapy session (PageID 1159-72) and was also admitted to the hospital later that same month following a suicide attempt (PageID 1176-1316).

In 2014, Plaintiff's treaters noted that his depression was worsening. PageID 2675, 2683. In January 2015, Plaintiff was hospitalized due to anxiety and chest pain, and was kept in the hospital for three days. PageID 2334-47, 2556-2648. In March 2015, Plaintiff's psychologist, Tina James, Psy. D, documented that he was "chronically dysthymic with little change," PageID 2531, while a psychiatrist that same year, Igor Elman, M.D., found Plaintiff to have an "ongoing panic disorder with agoraphobia." PageID 2456.

Finally, the undersigned notes the unusual circumstances of this case: its age -- more than seven years old -- together with three unsound ALJ decisions, all of which the Commissioner conceded included error requiring reversal. Given these circumstances and the strong, uncontroverted evidence of record in support of a finding of disability, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (remanding for benefits after two remands and three administrative hearings); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) ("Because of the medical record, we think it unconscionable to remand this eight-year-old case to the Secretary for further review").

## IV.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) the Commissioner's motion for remand (doc. 13) be **GRANTED**, and this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case be **CLOSED**.

Date: January 8, 2019  *s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge

**<u>NOTICE REGARDING OBJECTIONS</u>**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).